NATHANIEL HINCKLEY *vs.* SAMUEL NICKERSON.

Barnstable. Jan. 26. — Feb. 26, 1875. AMES & ENDICOTT, JJ., absent.

Neither the provision of the Gen. Sts. *c.* 149, § 2, that no mill-dam shall be erected to the injury of any mill lawfully existing on the same stream, nor the fact of any right acquired for an ancient mill by prescription, prevents the erection, above an existing mill, of a dam, under the St. of 1866, *c.* 206, for the purpose of flowing land appropriated to the cultivation of the cranberry, reasonably adapted to the character of the stream, although its effect may be to modify or disturb somewhat the regularity of the flow of the current.

Under the St. of 1866, *c.* 206, authorizing the maintaining a dam upon an unnavigable stream for the purpose of flowing a cranberry meadow, a person who withdraws, for such purpose and for a reasonable time, the water of a stream by means of a dam, is not, if his meadow is not too large to be flowed by the stream, liable to the owner of a similar meadow below upon the same stream who is thereby deprived of sufficient water to flow it for several days during the time when it is equally necessary for each.

TORT for depriving the plaintiff of the use of a stream of water for the operation of his grist-mill, and of his use of it for the purpose of flowing a cranberry bog adjacent to said stream. Trial in the Superior Court, before *Dewey*, J., at October term 1874, who, by consent of the parties, reported the case, before verdict, for the consideration of this court, in substance as follows :

The plaintiff was the owner of an ancient grist-mill, which he had for many years operated, and which was supplied by water from the pond and stream above it.   He was also the owner of a cranberry bog above his mill and adjacent to the stream, which he desired to flow in the cultivation of cranberries.   The defendant, about ten years since, for the purpose of flowing his land, for the cultivation of cranberries, had erected on his own land a dam on the stream, above the dam of the plaintiff.   The effect of the erecting of this dam by the defendant, the detaining of the water thereby, and using the same for the flowing of his cranberry meadow, was to prevent the water from flowing as it had formerly done into the stream and mill-pond of the plaintiff, during the time it was detained by the defendant's dam, and used for the flowing of his cranberry meadow, thereby affecting the operations of the plaintiff's grist-mill, and his having a supply of water for the flowing of his cranberry meadow.   The time which the water was detained was about six days, twice during each year. The whole of the water of the stream, on which the plaintiff's mill was erected, was not thus detained, but only about one third of the water, that being the water that came ordinarily from the stream above the defendant's dam ; the other portions of the plaintiff's water coming from other sources.

It was agreed that the water was not detained by the defendant for a longer time than was reasonably necessary for the purpose of flowing his meadow for the cultivation of cranberries. If, upon these facts, the action can be maintained, the case is to be sent to an assessor to determine the amount of damages ; otherwise, judgment to be for the defendant.

*J. M. Day*, for the plaintiff.

*G. Marston*, (*H. P. Harriman* with him,) for the defendant.

WELLS, J.   One, through whose land a stream of water flows is not liable to an action at law for using the water in a reason

able manner for any purpose for which he has a legal right to use it.

Under the St. of 1866, *c.* 206,* the defendant had a legal right to maintain a dam for the purpose of flowing and irrigating his land for the cultivation of cranberries.

Neither the provision that "no such dam shall be erected to the injury of any mill lawfully existing, either above or below it, on the same stream ;" Gen. Sts. *c.* 149, § 2 ; nor any right which may be acquired for an ancient mill by prescription, prevents the erection of works above, upon the same stream, which are reasonably adapted to the size and character of the stream, although their effect may be to modify or disturb somewhat the regularity of the flow of the current. *Gould* v. *Boston Duck Co.* 13 Gray, 442. *Pitts* v. *Lancaster Mills*, 13 Met. 156.

To maintain an action of tort, at common law, whether as landowner or as mill-owner, the plaintiff must show that the defendant's dam is not reasonably adapted to the size and character of the stream, or that the extent of meadow which he undertakes to flow is too great for its capacity, or else that he has so used or managed his gates as to cause an unreasonable detention. Neither of these propositions is set forth in the declaration in this case, or is found in the report. The report expressly states that "it was agreed that the water was not detained by the defendant for a longer time than was reasonably necessary for the purpose of flowing his meadow," and it is not contended that the defendant's meadow was too large to be flowed by this stream.

The plaintiff seeks to recover on two grounds. First, that any obstruction to the free passage of water to his ancient mill, whereby its valuable use is diminished, is a violation of his rights as such mill-owner. But an ancient mill cannot prescribe against the reasonable use of the stream above. Its prescriptive rights are exclusive only so far as its actual appropriation extends. Second, that, as between several owners of cranberry meadows, the exclusive appropriation of the water for several days by one, during the time when it is equally necessary for each, is an improper exercise of the common right, for which one who suffers damage may recover the same. But the statute having author-

---

* For the provisions of this chapter, see *ante,* 213.

ized the defendant's dam as a proper mode of exercising the common right, whatever incidental effects may result from it, not recoverable under the provisions for compensation, Gen. Sts. *c.* 149, § 4, must be held to be *damnum absque injuria.*

*Judgment for the defendant.*